Per Curiam—
 

 (White, J.
 

 —having been employed, was absent)—This application should be made to a single judge out of the court.
 

 This is understood to be the meaning and intention of the act. The court are authorised to direct such issues to be tried instanter, as they may upon hearing,
 
 *80
 
 think necessary. This regulation was thought requisite by the Legislature, least the parties might misconceive the true grounds, upon which the merits of the question turned; or the judge out of court might overlook a material point, necessary to be ascertained by a jury. To supply these defects, prevent loss of time, and a failure of justice, after a cause had been opened, and during the progress of the argument, this provision was made to authorise the court to direct and try an issue instanter.—The act never contemplated that a full court sitting for the dispatch of public business, should examine causes for the purpose of directing issues. It has directed an application to a single judge out of court, a method which must be observed.
 

 It was suggested by the counsel for the defendant; that the cause had been regularly set for hearing and that probably issues could not regularly be agreed on or ordered by a single judge.
 

 Sed per Curiam.
 
 Issues of fact are not necessarily incident to the progress of a suit in Equity. The act is silent, as to the time within which they shall be agreed on or ordered by a judge after replication. It therefore seems proper that they may be agreed on or ordered at any stage of the cause, after replication, previous to argument in court. Setting a cause for hearing regularly arrests its progress, as to taking depositions; and the parties can be compelled to a hearing in court, unless good cause be shewn; but the act with great propriety, meant to leave power to agree on or direct issues after depositions shall have been taken.
 

 It is however to be observed, that the regular way is, to apply to a judge, in case the parties cannot agree, as early as possible, after replication filed in order to obtain issues, so that they may serve as a guide in taking depositions and summoning witnesses. But it seems proper to observe, that any issues ordered by a single judge out of court, after a cause is set for hearing, ought not perhaps, to give the party applying any greater priviledge, in having his cause continued in court, than if no issues had been made. The same necessity, and rule, will perhaps apply,
 
 *81
 
 for using exertion, and industry in procuring testimony, as if no issue had been ordered by the Judge.—Setting the case for hearing in equity, places it in the same situation as an issue at law.
 

 If either party neglect to take any preparatory step, it ought not to procrastinate a hearing more than similar negligence would a trial at law.